# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ISAIAH GREEN, JR.,          )
                                  )
            Plaintiff,    )
                                  )
          v.               )          1:26CV450
                                  )
LEAH GARLAND,            )
                                  )
            Defendant.    )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court for review of subject matter jurisdiction. (See Text Order dated May 15, 2026 (directing "Clerk to refrain from issuance of summons pending review of [Plaintiff's] Complaint to determine if the Court lacks subject matter jurisdiction over this action").) Because Plaintiff has not established a basis for this Court's exercise of subject matter jurisdiction, the Court should dismiss this action.

## INTRODUCTION

Plaintiff instituted this action by paying the filing fee (see Receipt of Funds dated May 14, 2026) and filing the Complaint (Docket Entry 1). The Complaint names one Defendant, Leah Garland, a "Deputy Clerk" of this Court. (Id. at 2.)[1] Despite the admonition in the form portion of the Complaint that "[f]ederal courts are courts of limited jurisdiction" (id. at 3; see also id.

---

[1] Quotations from Plaintiff's filings apply standard capitalization conventions.

(explaining that, "[g]enerally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties")), Plaintiff did not identify "the basis for federal court jurisdiction" (id.). (See id.; see also id. at 1-2 (listing addresses for both Plaintiff and Deputy Clerk Garland in North Carolina); Docket Entry 2 at 1 (marking box denominating "U.S. Government" as "Defendant" in section of Civil Cover Sheet soliciting "Basis of Jurisdiction" and checking boxes denominating Plaintiff and Deputy Clerk Garland as "Citizen of This State" in section of Civil Cover Sheet soliciting "Citizenship of Principal Parties" (all-caps, bold, and enlarged font omitted)).)

In the space designated within the Complaint for Plaintiff to "[w]rite a short and plain statement of [his] claim" (Docket Entry 1 at 4), he wrote:

> This Plaintiff was denied the U.S. constitutional right to sign an appeal motion to the U.S. Fourth Circuit Court of Appeals for a plaintiff pro se litigant, who this Plaintiff pro se litigant was given the authority to sign on her behalf the legal court motion as her legal-lawful aid under the Sixth Article of the United States Constitution – being denied this legal lawful right by the white female court clerk at the United States Fed. Courthouse (at Greensboro, N.C. 5/12/2026).

(Id.; see also id. ("requesting a 7.5 million dollar settlement by this court actor, who wilful [sic] and intentional [sic] overstepped her limited powers of authority, acting on the behalf of a court which have [sic] on record the continous [sic] denial of

2

circumventing the United States constitutional laws that deny black and brown skin color taxpaying citizens to exercise the constitutional law rights as provided by the United States ratified laws by the United States Congress that are given by law to be exercised by taxpaying citizens of all ethnic group members"); Docket Entry 2 at 1 (checking box designating "Nature of Suit" as "Other Civil Rights," citing (as basis for "Cause of Action") "Article VI – United States Constitution" (all-caps, bold, and enlarged font omitted)).)

The Complaint thus seeks to hold Deputy Clerk Garland liable for damages under the Constitution for her enforcement of the requirement that, in this Court (like all other United States District Courts), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented," Fed. R. Civ. P. 11(a) (emphasis added); see also M.D.N.C. LR 11.1(a) ("Any individual who is representing himself or herself without an attorney (pro se) must appear personally when required and may not delegate that duty to any other individual, including husband or wife, or any other pro se party. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, this Court's Local Rules, and all other applicable law." (italics omitted)).

3

"The [C]ourt must determine whether it has subject matter jurisdiction over [this] action before proceeding any further." Coley v. United States Postal Serv., No. 1:11CV986, 2013 WL 2474357, at *2 (M.D.N.C. June 10, 2013) (unpublished) (Schroeder, J.). In that regard, "[a] federal court has an independent obligation to assess its subject-matter jurisdiction, and it will raise a lack of subject-matter jurisdiction on its own motion." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) (internal quotation marks omitted); accord Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).[2] Furthermore, "[t]he burden is on the party asserting the jurisdiction of the [C]ourt to show that jurisdiction does, in fact, exist." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968).

Here (as the Introduction documents), the Complaint ignores the question of subject matter jurisdiction. Regardless, due to the common state citizenship of Plaintiff and Deputy Clerk Garland

---

[2] Similarly, the Court retains inherent authority to review the Complaint for frivolousness. See, e.g., Traywick v. Medical Univ. of S.C., 671 F. App'x 85, 86 (4th Cir. 2016) ("Because [the plaintiff] is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A (2012), permitting sua sponte dismissal of complaints that fail to state a claim, do not apply. A court has, however, inherent authority to dismiss frivolous complaints." (internal citations omitted)); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid.").

4

(again, as documented in the Introduction), Plaintiff could not satisfy the requirements for diversity-of-citizenship jurisdiction, see 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between[:] (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except . . . [lawful permanent residents] domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."). And any attempt by Plaintiff to invoke federal-question jurisdiction based on "[t]he claim[] raised . . . under the United States Constitution [would] fare no better," Housecalls Home Health Care, Inc. v. United States Dep't of Health & Hum. Servs., 515 F. Supp. 2d 616, 628 (M.D.N.C. 2007) (Eliason, M.J.), recommendation adopted, id. at 618 (Osteen, J.), given that claim's patent frivolity.

Indeed, "[o]ver the years th[e United States Supreme] Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if the[ claims] are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Lavine,

415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted).  Put another way, "where a claim is obviously without merit, *Hagans* precludes a federal district court from exercising its jurisdiction."  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); see also Marshall v. American Broad. Cos., Inc., No. 1:16CV550, 2017 WL 2774265, at *2 (M.D.N.C. June 26, 2017) (unpublished) (Schroeder, J.) ("As to federal question jurisdiction, the court does not lack authority to act simply because a claim lacks merit or is doubtful.  But a claim is too insubstantial and frivolous to support federal question jurisdiction when it is obviously without merit." (internal brackets and quotation marks omitted)).  "In addition, because [the C]ourt lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted."  Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012); accord, e.g., Ferguson v. Wooton, 741 F. App'x 955, 955 (4th Cir. 2018); Smith v. Kagan, 616 F. App'x 90, 90 (4th Cir. 2015); Yi v. Social Sec. Admin., 554 F. App'x 247, 248 (4th Cir. 2014).

The Supreme Court further has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff's claim against Deputy Clerk Garland for "deni[al of] the U.S. constitutional right to sign an appeal motion . . . for a[nother] plaintiff pro se litigant" (Docket Entry 1 at 4)

6

qualifies as frivolous because that claim "lacks an arguable basis [] in law," <u>Neitzke</u>, 490 U.S. at 325. For starters, "direct causes of action do not ordinarily exist under the United States Constitution." <u>Housecalls</u>, 515 F. Supp. 2d at 628. "Exceptions have been made in situations such as existed in *Bivens*[ *v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)]," <u>Housecalls</u>, 515 F. Supp. 2d at 628, but the <u>Bivens</u> implied-cause-of-action-exception does not extend to the federal constitutional claim asserted by Plaintiff.

"In *Bivens*, the [Supreme C]ourt permitted an implied cause of action for plaintiffs whose Fourth Amendment rights were violated by federal officers." <u>Williams v. United States</u>, Civ. Action No. 21-537, 2021 WL 1720230, at *3 (D. Md. Apr. 30, 2021) (unpublished). Subsequently, "[t]he [Supreme] Court held that the Fifth Amendment Due Process Clause gave [a congressional administrative assistant] a damages remedy [against a Congressman] for gender discrimination," <u>Ziglar v. Abassi</u>, 582 U.S. 120, 131 (2017), and "held that the Eighth Amendment Cruel and Unusual Punishment Clause gave [a federal prisoner's estate] a damages remedy [against federal prison officials] for failure to provide adequate medical treatment," <u>id.</u> "Th[o]se three cases . . . represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." <u>Id.</u> Moreover, "[t]he Supreme Court has refused to extend

7

*Bivens* a number of times and expansion of the *Bivens* remedy is now disfavored." Williams, 2021 WL 1720230, at *3.

Accordingly, even if – contrary to the express terms of Federal Rule of Civil Procedure 11(a) – the Constitution entitled Plaintiff to sign a court filing on behalf of a fellow pro se litigant, any Bivens claim against Deputy Clerk Garland for denying Plaintiff that entitlement "would nevertheless be subject to dismissal," id., as that "claim[] . . . do[es] not fit into any of the recognized causes of actions to which *Bivens* has been extended," id. See, e.g., Harris v. Hunt, No. 22-4028, 2023 WL 8432699, at *1 (6th Cir. Nov. 3, 2023) (unpublished) (affirming dismissal of federal constitutional claims against court employees for "failure or refusal to file various motions and pleadings" and explaining that "Supreme Court has never recognized a *Bivens* cause of action for prisoners who claim that officers and employees of the federal judiciary have violated the[ prisoners'] constitutional rights," as well as that "subjecting the government to the costs and burdens of defending lawsuits arising out of the day-to-day operations of the clerk of court's office is a special factor that counsels against implying a new *Bivens* cause of action in this context" (internal quotation marks omitted)); Foltyniewicz v. United States Supreme Court, No. 5:25CT3251, 2026 WL 382391, at *3-4 (E.D.N.C. Feb. 11, 2026) (unpublished) ("declin[ing] to recognize a Bivens cause of action" against court clerks for rejecting court

8

filings, because (A) such "claims present a new context that is meaningfully different from the causes of action the Supreme Court previously recognized, [(B) the claims] name[] a new type of defendant," and (C) "there indeed is a rational reason for the court to defer to Congress for creation of a damages remedy in [such] case[s]" (internal quotation marks omitted)).

In sum, the Complaint does <u>not</u> involve diverse parties and does <u>not</u> present a non-frivolous, federal claim.

<u>CONCLUSION</u>

Plaintiff has not established a basis for this Court to exercise subject matter jurisdiction over this action.

**IT IS THEREFORE RECOMMENDED** that the Court dismiss this action for lack of subject matter jurisdiction.

<u>/s/ L. Patrick Auld</u>
**L. Patrick Auld**
**United States Magistrate Judge**

June 24, 2026

9